United States District Court
For the Northern District of California

1
2
3
4                              IN THE UNITED STATES DISTRICT COURT

5                              FOR THE NORTHERN DISTRICT OF CALIFORNIA

6
7
8    GUSTAVO MCKENZIE,                         No. C 14-4890 WHA (PR)

            Plaintiff,                         **ORDER OF SERVICE;**
9                                              **INSTRUCTIONS TO CLERK**
       v.
10
     D. MILLER; C. NGUYEN;
11   YAMILETH SIMMONS; N. ADAM;
     L. BREE; D. LAFEVER; S.
12   PENKIAN; S. RISENHOOVER; C.
     RUSSELL; J. TORRANCE; J.
13   CLARK KELSO,

14          Defendants.
                                      /
15

16                                   **INTRODUCTION**

17          Plaintiff, a California prisoner proceeding pro se, filed this civil rights case under 42

18   U.S.C. 1983 against medical personnel at Pelican Bay State Prison ("PBSP") where he was

19   formerly incarcerated.  He is granted leave to proceed in forma pauperis in a separate order.  For

20   the reasons discussed below, the complaint is ordered served upon the other two defendants.

21                                    **ANALYSIS**

22   A.    STANDARD OF REVIEW

23          Federal courts must engage in a preliminary screening of cases in which prisoners seek

24   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

25   1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims

26   which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

27   monetary relief from a defendant who is immune from such relief.  *Id*. at 1915A(b)(1),(2).  Pro

28   se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

(9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment]' to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   LEGAL CLAIMS**

When liberally construed, plaintiff's allegations state cognizable claims that defendants violated his rights under the Eighth Amendment by being deliberately indifferent to his serious medical needs, and that they violated his First Amendment rights by retaliating against him for exercising such rights.

**CONCLUSION**

For the reasons set out above, it is hereby ordered as follows:

1.  The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint with all attachments thereto, and a copy of this order upon defendants **Nurse D. Miller; Dr. C. Nguyen; Nurse Yamileth Simmons; Dr. N. Adam; Nurse L. Bree; Optometrist D. Lafever; Nurse S. Penkian; Nurse Practitioner S.**

**United States District Court**
For the Northern District of California

1   **Risenhoover; Nurse C. Russell; and Medical Appeals Coordinator J. Torrance at Pelican**

2   **Bay State Prison, and Receiver J. Clark Kelso.**  A courtesy copy of the complaint with

3   attachments and this order shall also be mailed to the California Attorney General's Office.

4       3.  Defendant **shall** file an answer in accordance with the Federal Rules of Civil

5   Procedure.

6       4.  In order to expedite the resolution of this case:

7           a.  No later than **91 days** from the date this order is filed, defendant shall file a

8   motion for summary judgment or other dispositive motion.  If defendant is of the opinion that

9   this case cannot be resolved by summary judgment, he shall so inform the court prior to the date

10  the summary judgment motion is due.  All papers filed with the court shall be promptly served

11  on the plaintiff.

12          b.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the

13  court and served upon defendant no later than **28 days** from the date of service of the motion.

14  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to

15  him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and

16  *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

17          c.  Defendant **shall** file a reply brief no later than **14 days** after the date of

18  service of the opposition.

19          d.  The motion shall be deemed submitted as of the date the reply brief is due.

20  No hearing will be held on the motion unless the court so orders at a later date.

21          e.  Along with his motion, defendant shall proof that they served plaintiff the

22  *Rand* warning at the same time they served him with their motion.  Failure to do so will result in

23  the summary dismissal of their motion.

24      5.  All communications by the plaintiff with the court must be served on defendant, or

25  defendant's counsel once counsel has been designated, by mailing a true copy of the document

26  to defendant or defendant's counsel.

27      6  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No

28

3

further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

7. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: December___17___, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

4

1

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

2
     If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under  Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

3
     Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material

4
fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which

5
will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what

6
your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that

7
contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition,

8
summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

5