UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GUSTAVO MCKENZIE, | Case No. 14-04890 WHA (PR) |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS; VACATING ORDER; DIRECTING PLAINTIFF TO PAY FILING FEE** |
| v. | |
| D.MILLER, et al., | |
| Defendants. | (Dkt. No. 18) |

## INTRODUCTION

Plaintiff is a state prisoner proceeding *pro se* in this civil rights action under 42 U.S.C. Section 1983. He alleges that defendants D. Miller, C. Nguyen, Yamileth Simmons, N. Adam, L. Bree, D. LaFever, S. Penkian, S. Risenhoover, C. Russell, J. Torrance, and J. Clark Kelso, were deliberately indifferent to his need for medical treatment and retaliated against him for exercising his First Amendment rights. Following a review of the complaint under 28 U.S.C. 1915(a), service was ordered and dispositive motions were scheduled. Plaintiff's application for leave to proceed *in forma pauperis* ("IFP") was granted. Defendants Nguyen, Simmons, Adam, Bree, LaFever, Penkian, Risenhoover, Russel, and Torrance filed a motion to revoke plaintiff's IFP status under 28 U.S.C. 1915(g). Plaintiff has filed an opposition and defendants have filed a reply brief. For the reasons discussed below, defendants' motion is **GRANTED** and plaintiff is ordered to pay the filing

fee. Ruling on the other pending motions will follow plaintiff's payment of the filing fee.

**STANDARD OF REVIEW**

Under 28 U.S.C. Section 1915, plaintiffs pursuing a civil action may do so without the full prepayment of fees or costs. 28 U.S.C. § 1915(a)(2). The Prisoner Litigation Reform Act ("PLRA") amended Section 1915 to bar the privilege of proceeding under IFP status:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). A defendant moving to revoke IFP status under Section 1915 has the burden of producing court records or other documentation that will allow the district court to make a determination that the prior cases were dismissed for being frivolous, malicious, or failure to state a claim. *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005). A prisoner barred from proceeding in forma pauperis pursuant to Section 1915(g) may proceed under the fee provisions of 28 U.S.C. Sections 1911-14 applicable to everyone else. *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).

For a case dismissal to constitute a "strike" within the meaning of Section 1915(g), it must be a prior case or appeal brought by a plaintiff who was a prisoner, and it must be dismissed on the ground that the claim was frivolous, malicious, or failed to state a claim. *Andrews*, 398 F.3d at 1116. The initial burden of production rests with the defendants when challenging a prisoner-plaintiff's IFP status. *Id.* at 1120. Once defendants have met this initial burden, the burden then shifts to the prisoner, who must attempt to rebut the defendant's showing by explaining why a prior dismissal should not count as a strike. *Id.* at 1120.

When a prisoner has accumulated three strikes, he is prohibited by Section 1915(g) from pursuing any other claim under IFP status in federal court unless he or she alleges imminent danger of serious physical injury. *See* 28 U.S.C. 1915(g). The plain language of the imminent danger clause in Section 1915(g) indicates that "imminent danger" is to be assessed at the time of filing of the complaint. *Andrews*, 493 F.3d at 1053.

**DISCUSSION**

Defendants assert that plaintiff has at least three "strikes" under Section 1915(g). Defendants seek judicial notice of court records from four prior cases that plaintiff brought in federal court: (1) *McKenzie v. Casillas*, No. 12-CV-1602-BEN (S.D. Cal.); (2) *McKenzie v. Woodford*, No. 04-CV-05903-AWI-WMW (E.D. Cal.); (3) *McKenzie v. Alameda*, No. 02-CV-07551-UA-PJW (C.D. Cal.); and (4) *McKenzie v. Alameda*, No. 03-55221 (9th Cir.). A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relationship to matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2002). The request for judicial notice of these court records is **GRANTED**.

The United States Court of Appeals for the Ninth Circuit recently found that plaintiff has had at least three dismissals of cases or appeals that qualify as "strikes" under Section 1915(g), and thus that he is barred from proceedings IFP absent a showing of imminent danger. *McKenzie v. Casillas*, No. 13-56742, slip. op. at 1-2 (9th Cir. Oct. 8, 2014) (unpublished memorandum) (*see* Defs.' Req. Jud. Not. ("RJN") Exh. G). The Ninth Circuit affirmed the decision of the district court, which had also found that plaintiff was barred by Section 1915(g) from proceeding IFP because of three qualifying dismissals of past cases or appeals. *See McKenzie v. Casillas*, No. 12-CV-1602-BEN (S.D. Cal. Sept. 16, 2013) (*see* RJN Exh. F). The Ninth Circuit concluded in *Casillas* that each of the cases discussed below constituted a strike within the meaning of Section 1915(g). Filing suit in a different federal court will not circumvent the disqualification of IFP status under Section 1915(g) because "an effort to bamboozle the court by seeking permission to proceed *in forma pauperis* after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit." *Sloan v. Lesla*, 181 F.3d 857, 859 (7th Cir. 1999). As petitioner has already been determined to be barred from proceeding IFP under Section 1915(g) by both the Ninth Circuit and another district court, he may not proceed IFP here.

The dismissal in *McKenzie v. Woodford*, No. 1:01-CV-05903-AWI-WMW (E.D. Cal., Dec. 20, 2007), constitutes a strike because it was dismissed for failure to state a claim (*see* RJN Exhs. A, B). In *Woodford,* the district court adopted the magistrate judge's recommendation to dismiss the complaint for failure to state a claim because plaintiff only alleged that his lack of law library access

3

1  caused him to miss a filing deadline was missed does not state a cognizable claim for relief (*ibid.*).
2  Plaintiff admits and stipulates that the dismissal in *Woodford* is a strike within the meaning of
3  Section 1915(g) (Opp. 5).

4  The dismissal in *McKenzie v. Alameda*, No. CV-02-07551-UA-PJW (C.D. Cal., Jan. 9,
5  2002), also constitutes a strike (*see* RJN Exh. C). Plaintiff attempted to file an action against his
6  parole officer, his parole officer's supervisor, and the state director of the Department of Corrections
7  for violating his due process rights when they gave him a check that bounced (*ibid.*). Plaintiff was
8  denied leave to file the case without prepayment of the full filing fee because the action was
9  "frivolous because it involves a check for $43.00 and does not implicate the federal Constitution"
10 (*ibid.*). The denial of leave to file the case IFP on the grounds that the claims were frivolous and fail
11 to state a claim counts as a strike under Section 1915(g). *See O'Neil v. Price*, 521 F.3d 146, 1152
12 (9th Cir. 2008). Plaintiff argues that the dismissal should not count as a strike because he did not
13 consent to the jurisdiction of the magistrate judge who found the claims to be frivolous and not
14 cognizable. However, because the order denying leave to file the case IFP was signed by a district
15 court judge, consent was not required. *See* 28 U.S.C. § 636(3).

16 The dismissal of plaintiff's appeal in *McKenzie v. Alameda*, Case No. 03-55221 (9th Cir.
17 June 20, 2003) (RJN Exh. E), constitutes his third strike. The district court determined that
18 plaintiff's appeal was not taken in good faith (*id.* Exh. D). The Ninth Circuit agreed that the appeal
19 was not taken in good faith, determined that he was not entitled to proceed IFP for the appeal, and
20 directed him to pay the full filing fee (*ibid.*). When he did not pay the filing fee, the Ninth Circuit
21 ruled that "this appeal is dismissed for failure to pay the docketing/filing fees in this case" (*id.* Exh.
22 E). Whether the dismissal of this appeal counts as a separate strike from the dismissal of the
23 underlying action by the district court has been explicitly decided by the Ninth Circuit in *Casillas*.
24 In *Casillas*, the Ninth Circuit held that its "denial of McKenzie's application to proceed in forma
25 pauperis in [*Alameda*] counts as a separate strike from the district court's order denying his
26 application to proceed in forma pauperis in the underlying action." *McKenzie v. Casillas*, No. 13-
27 56742, slip. op. at 2 (9th Cir. Oct. 8, 2014) (*see* RJN Exh. G); *see also McKenzie v. Casillas*, No. 12-
28 CV-1602-BEN, slip op. 5 (S.D. Cal. Sept. 16, 2013) (*see* RJN Exh. F). Because the Ninth Circuit

(in addition to another district court) has already resolution of this question against plaintiff, the doctrine of collateral estoppel precludes the issue from being decided differently here. *See Gospel Missions v. City of Los Angeles*, 328 F.3d 548, 553-54 (9th Cir. 2003) (collateral estoppel bars relitigation of identical issues actually litigated and necessary to the judgment in a prior case). Accordingly, the dismissal of plaintiff's appeal in *Alameda* must be counted as a strike in this case.

Plaintiff contends *Alameda* is not a strike because it not final insofar as he filed a petition for a writ of certiorari to the United States Supreme Court. This argument is now moot because the United States Supreme Court denied plaintiff's petition for certiorari on March 23, 2015 (Defs.' Second Req. Jud. Not. 2).

Plaintiff was not in any imminent danger of physical injury when he initiated this lawsuit. The only exception to the three strikes rule in proceeding IFP is a showing of "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). Plaintiff was incarcerated at Pelican Bay State Prison ("PBSP") when he allegedly suffered from inadequate medical treatment for his glaucoma and was subject to retaliation for exercising his First Amendment rights. He has since been transferred to another prison. He seeks only monetary damages for the allegedly inadequate care that took place there. He does not seek injunctive relief or claim that inadequate care has continued at his new prison. As a result, he does not allege the requisite imminent or ongoing danger of physical injury to allow him to proceed IFP under Section 1915(g). *See Andrews*, 493 F.3d at 1056-57 (a prisoner must allege an "on going" danger in order for the "imminent-danger" exception to apply).

Accordingly, plaintiff cannot pursue this action under IFP status because he has accumulated three or more strikes within the meaning of Section 1915(g), and he is not in imminent danger of physical harm. Plaintiff must pay the filing fee in order to avoid dismissal of his complaint.

//

//

**United States District Court**
**For the Northern District of California**

**CONCLUSION**

For the foregoing reasons, defendants' motion to revoke plaintiff's permission to proceed *in forma pauperis* (dkt. 18) is **GRANTED**, and the order granting leave to proceed in forma pauperis (dkt. 9) is **VACATED**. Within **28 days** of the date this order is filed, plaintiff shall pay the full filing fee of $400.00. If he does not, this case will be dismissed without prejudice.

**IT IS SO ORDERED**.

DATED: July 13, 2015



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE